**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**July 16, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2025AP1368**

**STATE OF WISCONSIN**

Cir. Ct. No. 2024SC83

**IN COURT OF APPEALS**
**DISTRICT IV**

DISCOVER BANK,

    PLAINTIFF-RESPONDENT,

V.

JEFFREY LANCASTER,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Lafayette County: JENNA L. GILL, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] Jeffrey Lancaster appeals a small claims judgment awarding $4,988, plus costs and interest, to Discover Bank (Discover).

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

Lancaster argues that the circuit court erred in dismissing his counterclaims. I reject Lancaster's arguments and, accordingly, affirm.

## BACKGROUND

¶2    In May 2024, Discover filed a small claims summons and complaint against Lancaster, claiming breach of contract, account stated, and unjust enrichment and seeking to recover a defaulted consumer debt of $4,988. The complaint alleged that Lancaster "entered into a charge account agreement and … utilize[ed] said charge account," and that Lancaster "defaulted under the terms of said charge account agreement by failing to make payments when due." Lancaster filed a motion to dismiss, arguing that the complaint failed to comply with the pleading standards set forth in the Wisconsin Consumer Act (WCA) by not alleging facts constituting default.

¶3    Discover filed an amended complaint in July 2024, alleging additional facts, including that Lancaster failed to make required monthly payments from July 2023 to February 2024, that Discover sent Lancaster a right to cure notice, and that Lancaster failed to pay the cure amount. Attached to the amended complaint were charge account statements for February 2023 through January 2024, as well as the right to cure notice. Lancaster filed a letter "agree[ing] that the amended complaint has mooted the current motion to dismiss."

¶4    Lancaster then filed an answer, affirmative defenses, and counterclaims. Lancaster's first counterclaim alleges that Discover violated WIS. STAT. § 427.104, which sets out prohibited practices of debt collectors, by willfully or intentionally failing to include in its initial complaint the information required by WIS. STAT. § 425.109. Lancaster's second counterclaim alleges that

2

his cardmember agreement with Discover is void because the agreement contains several illegal clauses.

¶5 Discover filed a motion to dismiss Lancaster's counterclaims, arguing that the first counterclaim fails to state a claim for a prohibited practice under WIS. STAT. § 427.104 because Discover's initial complaint included the information required by WIS. STAT. § 425.109 and, in the alternative, because a pleading defect under § 425.109 would not entitle Lancaster to relief under § 427.104. Discover argued that the second counterclaim fails to state a claim for a void contract under WIS. STAT. § 425.305 because it fails to allege a violation of any of the statutes that trigger the remedy of void contract under § 425.305, and because each of the alleged illegal clauses in the cardmember agreement does not violate the WCA.

¶6 In January 2025, the circuit court held a hearing on Discover's motion to dismiss Lancaster's counterclaims. The court concluded that Lancaster's first counterclaim fails to state a claim on which relief can be granted because Discover's original complaint was sufficient under WIS. STAT. § 425.109. The court concluded that Lancaster's second counterclaim fails to state a claim because none of the alleged illegal clauses in the cardmember agreement "fit within those provisions [of the WCA] for voiding the agreement." The court declined to determine whether the clauses are illegal. Accordingly, the court granted the motion to dismiss.

¶7 Discover then filed a motion for summary judgment on the claims in its amended complaint. Lancaster responded with a letter stating that he did not oppose the motion because "the current status of the case left no defenses or offsets for [him]." The circuit court entered judgment against Lancaster in the

amount of $4,988, plus costs, disbursements, and statutory post-judgment interest. The court stated that it was "not making an express ruling" on the motion for summary judgment "as it [wa]s unnecessary given [Lancaster's] position" stated in his letter. Lancaster appeals.

## DISCUSSION

¶8     Lancaster argues that the circuit court erred in dismissing his counterclaims for failure to state a claim on which relief can be granted. To repeat, Lancaster's first counterclaim alleges that Discover violated WIS. STAT. § 427.104, which sets out prohibited practices of debt collectors, by willfully or intentionally failing to include in its initial complaint the information required by WIS. STAT. § 425.109; and Lancaster's second counterclaim alleges that his cardmember agreement with Discover is void because Discover's cardmember agreement contains several illegal clauses.

¶9     As a threshold matter, I reject Discover's argument that Lancaster "abandoned" his arguments. Discover argues that Lancaster abandoned his insufficient complaint claim by failing to support it in his appellant's brief, and his void contract claim by "failing to preserve it" at summary judgment in the circuit court. With respect to the first claim, I conclude that Lancaster sufficiently argued in his appellant's brief that Discover's initial complaint did not comply with WIS. STAT. § 425.109. As to the second claim, Discover cites no legal authority to support its proposition that Lancaster was required to raise the arguments supporting his counterclaims again in opposition to summary judgment after the circuit court rejected those arguments when it dismissed his counterclaims. An appeal from a final judgment or order brings all prior, adverse, nonfinal judgments, orders, and rulings before this court. WIS. STAT. RULE 809.10(4).

Accordingly, the circuit court's nonfinal ruling on Discover's motion to dismiss properly comes before this court via Lancaster's appeal from the circuit court's final ruling granting summary judgment. *See Bank of New York Mellon v. Klomsten*, 2018 WI App 25, ¶11, 381 Wis. 2d 218, 911 N.W.2d 364 (in context of denial of motion to dismiss). The case law that Discover cites in support of its argument, *Ash Park, LLC v. Alexander & Bishop, Ltd.*, is inapposite. *See* 2009 WI App 71, ¶11, 317 Wis. 2d 772, 767 N.W.2d 614 (stating that when a party fails to raise an issue of fact at summary judgment, it may not do so on appeal).

## I.  Standard of Review and Applicable Legal Principles

¶10     Whether a counterclaim states a claim on which relief can be granted is a question of law that this court reviews de novo. *Plaza Servs. LLC v. Burton*, 2025 WI App 51, ¶13, 418 Wis. 2d 123, 25 N.W.3d 556, *rev. denied*, 2026 WI 15. "'A motion to dismiss tests the legal sufficiency of the [counterclaim].'" *Badgerland Restoration & Remodeling, Inc. v. Federated Mut. Ins. Co.*, 2024 WI App 36, ¶12, 412 Wis. 2d 806, 8 N.W.3d 877 (quoted source omitted). When reviewing a motion to dismiss, this court accepts all well-pleaded factual allegations in the counterclaim as true. *Id.* "However, 'legal conclusions stated in the [counterclaim] are not accepted as true, and they are insufficient to enable a complaint to withstand a motion to dismiss.'" *Burton*, 418 Wis. 2d 123, ¶13 (quoted source omitted). In other words, to survive a motion to dismiss, a counterclaim "must plead facts, which if true, would entitle the plaintiff to relief." *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶21, 356 Wis. 2d 665, 849 N.W.2d 693. "For the purposes of this analysis, we cannot permit [a claimant] to rely on hypothetical, speculative 'facts' that might or might not be supplied by the discovery process." *Doe 67C v. Archdiocese of Milwaukee*, 2005 WI 123, ¶46, 284 Wis. 2d 307, 700 N.W.2d 180.

¶11    The resolution of this case requires interpretation and application of the WCA, *see* WIS. STAT. § 421.101 ("[WISCONSIN STAT.] Chapters 421 to 427 shall be known and may be cited as the Wisconsin consumer act."), which are matters of law that this court reviews de novo. *See Burton*, 418 Wis. 2d 123, ¶14. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110.

¶12    A court's analysis begins with the language of the statute. *Id.*, ¶45. "'If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *Id.* (quoted source omitted). "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* In addition, statutory language must be "interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. If this analysis results in a plain and clear statutory meaning, "'then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.'" *Id.* (quoted source omitted). "Previous cases construing a statute also become a part of our understanding of a statute's plain meaning." *Meyers v. Bayer AG*, 2007 WI 99, ¶23, 303 Wis. 2d 295, 735 N.W.2d 448.

## II.  First Counterclaim: Violation of WIS. STAT. § 425.109

¶13    Lancaster's first counterclaim alleges that Discover's initial complaint did not specify the facts alleged to constitute default, as required by WIS. STAT. § 425.109.  For this alleged violation, Lancaster contends that he is entitled to statutory damages under WIS. STAT. ch. 427, as well as attorney fees.

¶14     WISCONSIN STAT. § 425.109 requires a complaint "by a merchant to enforce any cause of action arising from a consumer credit transaction" to contain "all of" eight different items, including, pertinent here, "[a] specification of the facts constituting the alleged default by the customer." *See* § 425.109(1), (1)(c). Section 425.109(4) provides that "a complaint that fails to comply with this section does not constitute a violation of [WIS. STAT.] chs. 421 to 427, and shall not give rise to recovery of attorney fees under [WIS. STAT. §] 425.308, unless the customer establishes by a preponderance of the evidence that the failure to comply was willful or intentional." Our supreme court has interpreted this language to mean that "no damages may be awarded [under WIS. STAT. ch. 427], and attorney fees may be awarded only if the debtor can establish that the noncompliance was willful or intentional." *Burton*, 418 Wis. 2d 123, ¶31; *see Security Fin. v. Kirsch*, 2019 WI 42, ¶19 n.8, 386 Wis. 2d 388, 926 N.W.2d 167 (citing § 425.109(4) as "stating that failure to comply with pleading requirements is not a violation of chs. 421 to 427, but providing that attorney fees under WIS. STAT. § 425.308 may be awarded if the debtor 'establishes by a preponderance of the evidence that the failure to comply was willful or intentional'").

¶15     Because no damages are available for a violation of WIS. STAT. § 425.109, Lancaster's claim for damages fails. I now turn to whether the counterclaim sufficiently alleges a willful or intentional violation of § 425.109, such that Lancaster may be entitled to attorney fees. The counterclaim alleges that Discover's failure to include a specification of the facts constituting default was "intentional or willful, as demonstrated by the fact that Discover is a serial filer in Wisconsin and knows or should know of the pleading requirements in Wisconsin," and that "Discover has made the decision to limit the amount of information it provides its counsel in order to save money and time, and to allow its lawyers to

file complaints more quickly by using form complaints that are essentially the same in each case it files, in an assembly-line fashion." It further alleges that "Discover's lawyers are generally, and specifically in this case, unable to provide specific information required by law such as the specification of the facts constituting the default, because Discover does not supply that information to its lawyers … because forwarding that information would cost additional money to Discover and take additional time and data space, slowing down collections and making collections cost more, and thus reducing Discover's profits." Finally, it alleges that "Discover's amended complaint establishes that Discover acknowledges the original complaint was defective."

¶16 These allegations are materially the same as those rejected by this court as conclusory and insufficient to state a claim in *Burton*. *See Burton*, 418 Wis. 2d 123, ¶¶28, 32 (allegations that Plaza is a "serial filer" and thus should know of the pleading requirements in Wisconsin, and that Plaza intentionally fails to comply because "compliance would 'require more information be transmitted to and reviewed by its attorneys, slowing down collections, and would mean their attorneys could not use form complaints'" do not allege a plausible right to relief under WIS. STAT. § 425.109(4)). Pursuant to *Burton*, this counterclaim fails to state a claim for a willful or intentional violation of § 425.109.

¶17 Lancaster argues that the allegations in his counterclaim are distinguishable from those in *Burton* because "in that case no amended complaint was filed and Burton had not made any allegations about the effect of filing an amended complaint." Lancaster asserts that, unlike in *Burton*, Discover's filing of the amended complaint and Lancaster's allegations about the amended complaint establish that "Discover itself believed the original complaint was defective." I conclude that Discover's filing of the amended complaint and Lancaster's

8

allegations about the additional information included in the amended complaint do not render ***Burton*** inapplicable here.

¶18    In ***Burton***, the creditor moved to dismiss its own complaint with prejudice, and this court concluded that this was not sufficient to show willfulness or intention. *See **Burton***, 418 Wis. 2d 123, ¶¶3, 32. Here, the action that Discover took—amending its complaint in response to Lancaster's motion to dismiss the complaint for failure to include required information—is different in form from the creditor's action in ***Burton***—dismissing its complaint with prejudice. However, Lancaster fails to persuasively explain why the two actions are different in substance in terms of sufficiency to state a claim of willful or intentional noncompliance with WIS. STAT. § 425.109.

¶19    Lancaster also makes a number of arguments as to why this court should interpret WIS. STAT. §§ 425.109 and 427.104 (which lists prohibited practices by debt collectors subject to remedies including actual damages under WIS. STAT. § 427.105) differently than prior binding case law interprets those statutes, but this court is bound by our supreme court's interpretation in ***Kirsch***, 386 Wis. 2d 388, ¶19 & n.8 (noting that the failure to comply with § 425.109 does not fall under § 427.104). *See **Cook v. Cook***, 208 Wis. 2d 166, 189, 560 N.W.2d 246 (1997) ("The supreme court is the only state court with the power to overrule, modify or withdraw language from a previous supreme court case."). For the same reason, as Lancaster acknowledges, only the supreme court may address his alternative argument that ***Kirsch*** should be overruled.

¶20    In sum, Lancaster's first counterclaim fails to state a claim on which relief can be granted.

### III. Second Counterclaim: Void Agreement

¶21 Lancaster's second counterclaim alleges that Discover's cardmember agreement contains four illegal clauses and that the agreement is therefore void. This counterclaim seeks a declaratory judgment that Lancaster is not required to pay any further money to Discover, as well as a refund of all money he has already paid to Discover.

¶22 The legislature provides specific, comprehensive statutory remedies in the WCA. *See* WIS. STAT. §§ 425.301-.306. Section 425.301(1) provides: "The remedies provided by this subchapter shall be liberally administered to the end that the customer as the aggrieved party shall be put in at least as good a position as if the creditor had fully complied with [WIS. STAT.] chs. 421 to 427." Sections 425.302 to 425.305 each provide that their specific remedies apply to transactions or violations "to which [each] section applies." Section 425.302, which provides for $25 plus actual damages, further provides that "[t]his section also applies to all violations for which no other remedy is specifically provided." § 425.302(2). Section 425.306 does not limit its application to any specific transactions or violations, and provides that "[a]ny charge, practice, term, clause, provision, security interest or other action or conduct in violation of chs. 421 to 427" may not be enforced. § 425.306(1).

¶23 Pertinent here, WIS. STAT. § 425.305, titled "Transactions which are void," provides: "In a transaction to which this section applies, the customer shall be entitled to retain the goods, services or money received pursuant to the transaction without obligation to pay any amount," and, "[i]n addition, the customer shall be entitled to recover any sums paid to the merchant pursuant to the transaction." When a transaction does not violate any of the sections of the WCA

that "specifically provide that a violation of that section is subject to [§] 425.305[,] … [§] 425.305 … does not apply." *Footville State Bank v. Harvell*, 146 Wis. 2d 524, 535-36, 432 N.W.2d 122 (Ct. App. 1988).

¶24    The second counterclaim alleges that Lancaster's agreement with Discover is void due to the inclusion of the following purportedly "illegal" clauses: first, a clause defining "default" as including actions or omissions that do not constitute a default under the WCA, contrary to WIS. STAT. § 425.103(2); second, a clause allowing acceleration of the balance of the account "without notice," contrary to WIS. STAT. § 425.105; third, a clause "which purports to grant Discover the right to claim and recover attorney's fees incurred … in collection" "as permitted by law," contrary to WIS. STAT. § 422.411(1); and fourth, a choice of law clause stating that Delaware law applies to the agreement, contrary to WIS. STAT. § 421.201(10)(a).[2]

¶25    Like the circuit court, I need not determine whether the clauses the second counterclaim identifies violate the cited sections of the WCA, because none of those sections provide that a violation is subject to WIS. STAT. § 425.305, which is the only remedy that the second counterclaim seeks. *See* WIS. STAT. §§ 421.201, 422.411, 425.103, 425.105. Because § 425.305 does not apply, Lancaster is not entitled to the remedy for a void agreement under the WCA. *See Harvell*, 146 Wis. 2d at 535-36 (providing that § 425.305 does not apply to

---

[2] In his briefing on appeal, Lancaster uses the terms "void" and "voidable" interchangeably. Because the counterclaim is for a "void" agreement and seeks the remedy provided by WIS. STAT. § 425.305 for a "void" transaction, I use only that term in this opinion.

provisions of the WCA that do not specifically reference it).[3]  I reject Lancaster's arguments to the contrary as follows.

¶26     In support of his assertion that the agreement should be void and that Discover should refund all payments he has made under the agreement, Lancaster cites two inapposite cases.  First, apparently citing ***Baierl v. McTaggart***, 2001 WI 107, 245 Wis. 2d 632, 629 N.W.2d 277, Lancaster argues that our supreme court has determined that agreements containing even a single illegal clause can be voided.  Citing ***Koble Investments v. Marquardt***, 2024 WI App 26, 412 Wis. 2d 1, 7 N.W.3d 915, *rev'd*, 2026 WI 19, Lancaster argues that this court has said that a void consumer agreement requires the merchant to refund all money paid under the agreement.  However, both of these cases involved the enforceability of residential leases based on the corresponding statutes and regulations, not the WCA.  *See **Baierl***, 245 Wis. 2d 632, ¶¶33-37, 40 (concluding that a residential lease containing a provision in violation of WIS. ADMIN. CODE § ATCP 134.08(3) may not be enforced against the tenants); ***Marquardt***, 412 Wis. 2d 1, ¶41 (concluding that a residential lease was void and unenforceable for violating WIS. STAT. § 704.44 and WIS. ADMIN. CODE § ATCP 134.08).[4]  Moreover, Lancaster fails to engage with the remedial scheme set forth in the WCA, which provides clear statutory remedies for specific violations of the WCA, unlike the residential lease regulations at issue in ***Baierl*** and ***Marquardt***.

---

[3] The sections of the WCA that specifically provide that a violation of that section is subject to WIS. STAT. § 425.305 are WIS. STAT. §§ 422.201, 422.405, 422.414, 422.416, 422.503-.506, 423.302, 425.108, 425.113, and 425.206.

[4] The supreme court has since issued an opinion reversing the court of appeals on other grounds and declining to determine whether the lease was void and unenforceable.  *See **Koble Invs. v. Marquardt***, 2026 WI 19, ¶¶4, 25, 420 Wis. 2d 304, 35 N.W.3d 488.

¶27 Lancaster also cites *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 596 N.W.2d 786 (1999), which he asserts provides that "one action by a merchant may result in several penalties under the [WCA]." In *Kett*, our supreme court concluded that Community Credit's nonjudicial recovery of collateral pursuant to improperly venued actions in violation of one WCA provision violated another WCA provision, which in turn authorized additional specific remedies. *Id.* at 22. Lancaster does not explain how this applies in the context of the alleged illegal clauses here, and I will not address this assertion further. *See Associates Fin. Servs. Co. of Wis. v. Brown*, 2002 WI App 300, ¶4 n.3, 258 Wis. 2d 915, 656 N.W.2d 56 (the court may decline to consider conclusory and undeveloped arguments that are not adequately briefed).

¶28 Lancaster appears to argue that his counterclaim for void contract is not foreclosed by WIS. STAT. § 425.305, because such a claim "is consistent with Wisconsin's legislatively-dictated public policy." Similarly, Lancaster asserts that voiding the agreement and requiring the merchant to return all payments to the customer is the only appropriate remedy for the inclusion of any illegal clauses in a consumer agreement, as that is the only remedy that furthers the purposes of the WCA as set forth in WIS. STAT. § 421.102. However, these arguments are more properly directed toward the legislature, not the courts; this court must enforce the laws as they are written. To the extent that Lancaster also argues that this court may deem the contract void under another statute or common law, he does not develop such an argument with references to relevant legal authority, and I do not consider it further. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("Arguments unsupported by legal authority will not be considered, … and we will not abandon our neutrality to develop arguments.").

13

¶29 In sum, Lancaster's second counterclaim for a void contract fails to state a claim on which relief can be granted.

## CONCLUSION

¶30 For the reasons set forth above, I affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.